IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:22-CR-000013 (WLS-TQL) |
| | : | |
| JONATHAN E. HANCOCK, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

# ORDER

Before the Court is a "Motion to Continue" filed by Defendant Jonathan E. Hancock in the above-styled action on May 3, 2022. (Doc. 19.) Therein, Defendant Hancock requests that this Court continue to the next available trial term. (*Id.*) Defendant Hancock was indicted on a two-count indictment on April 12, 2022. (Doc. 1.) He was arraigned before the Honorable Magistrate Judge Thomas Q. Langstaff on April 26, 2022. (Doc. 13.) In support of their request to continue, Defendant Hancock explains that additional time is needed because he has yet to receive discovery from the Government. (Doc. 19 at 2.) Hancock also asserts that additional time will allow for the review of discovery and the determination of whether pretrial motions are necessary and to allow his counsel to review a proposed plea agreement in this case. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the Parties' stated reasons, Defendant's Motion to Continue (Doc. 19) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). It is **ORDERED** that the case is **CONTINUED** to the August trial term in Valdosta, Georgia, which begins August 8, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the August 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice.

**SO ORDERED**, this 5th day of May 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**